UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SDJP PATENT GROUP, LLC,

     Plaintiff,

v.                                                                                    CASE NO: 8:10-cv-01232-EAK-TBM

MACHO PRODUCTS, INC.,

     Defendant.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS CAUSE is before the Court on Defendant's, Macho Products, Inc.

("Macho"), Motion to Dismiss (Doc. 21) and response thereto (Doc. 22) filed by

Plaintiff, SDJP Patent Group, LLC. The following facts are taken as true for the purposes

of resolving the motion.

## BACKGROUND AND PROCEDURAL HISTORY

1.     On June 1, 2010, Plaintiff filed a *qui tam* Complaint (Doc. 1) against

Defendant for false marketing arising under the Patent Laws of the United States, 35

U.S.C. § 292.

2.     On June 28, 2010, Defendant filed its Motion to Stay the Proceeding and

Memorandum of Law in Support thereof (Doc. 10). Defendant argued in favor of a stay

pending the outcome of an appeal, which has since been decided, before the Federal

Circuit Court of Appeals, *Stauffer v. Brooks Brothers*, Appeal No. 2009-1428. The issue

1

before the court in that case was what is necessary for a non-competitor defendant to establish Article III standing.

3.      On August 12, 2010, this Court denied Defendant's Motion to Stay (Doc. 20). Defendant subsequently filed this Motion to Dismiss (Doc. 21), on August 19, 2010, asserting that Macho did not act with the requisite intent to deceive the public and therefore there is no "injury in fact." Defendant contends Plaintiff has no standing because there has been no injury.

## STANDARD OF REVIEW

Over the years, cases have established that the constitutional minimum of standing contains three elements. First, the plaintiff must have suffered an "injury in fact" *Allen v. Wright*, 468 U.S. 737, 756 (1984). Second, there must be a causal connection between the injury and the complained of conduct. *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976). Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision." *Id*. at 38, 43.

A motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1) may be founded on either a "facial" or "factual" challenge to the court's jurisdiction:

> Facial attacks challenge subject matter jurisdiction based on the allegations in the complaint, and the district court takes the allegations as true in deciding whether to grant the motion. Factual attacks challenge subject matter jurisdiction in fact, irrespective of the pleadings. In resolving a factual attack, the district court may consider extrinsic evidence such as testimony and affidavits.

*Morrison v. Amway Corp.*, 323 F.3d 920 (11th Cir. 2003) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)). Where the existence of subject matter

jurisdiction is properly challenged and turns on the resolution of contested facts, the

Supreme Court and the Eleventh Circuit have recognized that the trial judge may review

the evidence and resolve the factual disputes. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514

(2006); *Morrison*, 323 F.3d at 925.

Nonetheless, the Eleventh Circuit has cautioned that a district court should only

rely on its Rule 12(b)(1) authority to weigh and determine contested facts if the facts

necessary to establish jurisdiction do not implicate the merits of the plaintiff's claim.

*Morrison*, 323 F.3d at 925.  If the defendant's challenge to jurisdiction also challenges the

existence of a federal cause of action then the court should find jurisdiction exists and the

challenge will be used as a defense to the plaintiff's claim. *McGinnis v. Ingram*

*Equipment Co.*, 918 F.2d 1491 (11th Cir. 1990).

## DISCUSSION

The Federal Circuit recently resolved the current issue. *Stauffer v. Brooks Bros.*,

2010 U.S. App. LEXIS 18144, at *2 (Fed. Cir. Aug. 31, 2010).  Defendant's primary

defense that the United States did not suffer an "injury in fact" is erroneous, in light of

the *Stauffer* decision.  Therefore, Defendant's motion to dismiss is **DENIED** for the

following reasons.

Section 292 (b) is a *qui tam* provision authorizing "any person" to pursue an

action on the government's behalf.  A *qui tam* provision is a statutory assignment of the

United States' rights, and the assignee of a claim has standing if the United States has

suffered an injury in fact, even if the assignee has suffered no injury himself. *Vt. Agency*

*of Natural Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773 (2000).  According to

the Federal Circuit a violation of section 292 inherently constitutes an injury to the

United States:

> In passing the statute prohibiting deceptive patent mismarking, Congress
> determined that such conduct is harmful and should be prohibited. The
> parties have not cited any case in which the government has been denied
> standing to enforce its own law. Because the government would have
> standing to enforce its own law, [the plaintiff], as the government's
> assignee, also has standing to enforce section 292.

*Stauffer*, 2010 U.S. App. LEXIS 18144, at *11-12.  Macho asserts that Plaintiff has been

unable to allege any specific injury to Plaintiff or to the United States.  However,

Defendant violated section 292, which is sufficient to show an "injury in fact" to the

United States.  Consequently, Plaintiff has sufficiently alleged (1) an injury in fact to the

United States that (2) is caused by Macho's alleged conduct, marking its equipment with

expired patent numbers, and (3) is likely to be redressed, with a statutory fine, by a

favorable decision.  Plaintiff's standing arises solely from his status as "any person,"

under section 292 (b) and he need not allege more for jurisdictional purposes.

Further, Defendant's assertion that there was no intent to deceive the public is a

matter of fact.  A trial judge may resolve factual disputes when subject matter jurisdiction

turns on the resolution of contested facts. *Arbaugh*, 546 U.S. at 514.  However, if the

contested facts are also central to the cause of action then jurisdiction will be found and

the trier of fact will resolve the contested facts.  Here, the contested "intent to deceive the

public" is an element of the cause of action (False Marking) and a matter for a jury to

decide.  Accordingly it is:

4

ORDERED that the Motion to Dismiss (Doc. 21) is **DENIED**; the Request for

Oral Argument (Doc. 21) is **DENIED**; and the defendant has ten days to file an answer to

the amended complaint.

DONE and ORDERED in Chambers, in Tampa, Florida this 2nd day of

October, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.